IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

K.L., a child, by WILLIAM F. DIXON, et al.,

    Plaintiffs,

v.                                                                                                  No. CIV 93-1350 BB/LCS

J. ALEX VALDEZ, Secretary of the New
Mexico Department of Health, et al.,

    Defendants

## MEMORANDUM OPINION
## AND
## ORDER SETTLING COSTS

THIS MATTER is before the Court on Plaintiffs' petition that the Court review and reverse the Clerk's allowance of costs [doc. #490], and Defendants' related motion to strike affidavits [doc. #620]. The Court having reviewed the cost bill and all the briefs of the parties, finds that pursuant to the local rule and the Court's discretion, costs should be DENIED.

### *Discussion*

#### *Procedural Background*

Plaintiffs are, or were, sixteen mentally or developmentally disabled children in the custody of the State of New Mexico, who sought declaratory and injunctive relief for "all children who are now or in [the] future will be (a) in or at risk of State custody and (b) determined by defendants and/or their agents to have any form of mental and/or

developmental disability for which they require some kind of therapeutic services or supports." Pls. 2d Am. Compl. at 10. Defendants are executive officers of the State of New Mexico in their official capacities, specifically, Secretary of the Department of Health J. Alex Valdez, Secretary of the Human Services Department Dorothy Danfelser, Secretary of the Children, Youth and Families Department Heather Wilson, Superintendent of Public Instruction Alan Morgan, and the members of the State Board of Education.

In their second amended complaint, Plaintiffs alleged that Defendants violated provisions of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), the Medicaid Act, the Alcohol, Drug Abuse and Mental Health Reorganization Act ("ADAMHRA"), the Individuals with Disabilities Education Act ("IDEA"), and the Fourteenth Amendment to the United States Constitution. On October 6, 1995, the Court dismissed Plaintiffs' claims under the ADAMHRA, as well as certain claims under the Rehabilitation Act, the ADA, the IDEA, and substantive due process. The Court also dismissed certain claims against Defendants Danfelser, Valdez, Morgan, and the members of the State Board of Education. Subsequently, this Court denied class certification, and based on *Younger v. Harris*, 401 U.S. 37 (1971), abstained from hearing the merits. On appeal, the Tenth Circuit affirmed. *J.B. v. Valdez*, 186 F.3d 1280 (10th Cir. 1999).

**Defendants then proceeded to have the Clerk of the Court tax costs against Plaintiffs in the amount of $7,225.66. Plaintiffs challenge this assessment on the grounds that (a) they are the prevailing parties, (b) such costs were not justified, and (c) they are indigent and the assessment of such costs would chill those who would seek legal redress in similar actions in the future.**

### *(a) Prevailing Parties*

**Plaintiffs claim they, rather than Defendants, are the prevailing parties. The logic underlying the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S. Ct. 1835 (2001), which is the basis for this Court's denial of Plaintiffs' request for attorneys' fees, also supports the rejection of Plaintiffs' prevailing party argument here. The "prevailing party" inquiry turns on whether the lawsuit resulted in direct judicial action, which altered the legal status of the parties. *Buckhannon, supra*; *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). This Court issued no order which would allow Plaintiffs to claim prevailing party status and *Buckhannon* rejected the catalyst theory.**

### *(b) Justified Costs*

**The Clerk of the Court taxed $7,225.66 in allowable deposition costs. D.N.M.LR-Civ 54.2(b)(2) provides:**

> **(1) Reporter's Transcript Fees. The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.**

>**(2) Reasonably Necessary to the Litigation.** A deposition if reasonably necessary to the litigation when:
>>(A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
>>(B) the deposition is used by the Court in ruling on a motion for summary judgment; or
>>(C) the Court so determines.

This Rule is consistent with Tenth Circuit precedent. *See Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987).

None of the twelve depositions were "admitted into evidence or used at trial for impeachment purposes." D.N.M.LR-Civ 54(2)(b)(2)(A). Nor were any of them "used by the Court in ruling on a motion for summary judgment." D.N.M.LR-Civ 54(2)(b)(2)(B). Nor could this Court find the depositions to be "reasonably necessary." Judges in this District have rather consistently denied deposition costs in similar circumstances. *See, e.g., Candelaria v. Board of Regents of the University of New Mexico*, CV 93-1537 SC/DJS, slip op. at 4 (D.N.M. July 20, 1995) (deposition costs denied where the depositions were not used at trial or on the motion for summary judgment); *Levy v. Swift Transp. Co., Inc.*, CV 97-777 SC/JHG (D.N.M. Jan. 14, 1999) (deposition costs denied as unnecessary); *Pereles v. St. Vincent Hosp.*, CV 98-245 MV/DJS (D.N.M. Oct. 18, 1999) (deposition costs denied where moving party made no showing how they were used); *Lauger v. Hennessy Indus., Inc.*, CV 90-1184 JC/LFG (D.N.M. Jan 14, 1994) (depositions taken only for discovery or convenience of counsel disallowed).

### *(c)  Indigency*

Federal Rule of Civil Procedure 54(d)(1) provides that statutory costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  This language creates a rebuttable presumption that the prevailing party is entitled to costs unless the district court so directs in the exercise of its "sound discretion."  8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 2688 at 288 (2d ed. 1994).  This discretion can be exercised to deny a prevailing party costs if the non-prevailing party is indigent.  *Cantrell v. IBEW AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985)).  *See also Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 528 U.S. 1022 (1999); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944-45 (7th Cir. 1997).  However, the burden is on the losing party to show a cost award would be inequitable and a substantial financial hardship.  *Serna v. Manzano*, 616 F.2d 1165, 1167-68 (10th Cir. 1980).  While the Court would be favorably disposed to consider Plaintiffs' indigency argument, then, a ruling would be premature based on the present record.  Therefore, Plaintiffs will be given forty days from entry of this Order to make such a showing, if desired.

**O RDER**

The Clerk's allowance of costs is REVERSED, and Plaintiffs are given forty (40) days to demonstrate indigency. Defendants' motion to strike is MOOT.

DATED at Albuquerque this 27th day of September, 2001.

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiffs:**

Peter Cubra, Albuquerque, NM

**Counsel for Defendants:**

John H. Clough, Assistant Attorney General, Albuquerque, NM