IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

K.L., a child, by WILLIAM F. DIXON, et al.,

    Plaintiffs,

v.                                                                         No. CIV 93-1350 BB/LCS

J. ALEX VALDEZ, Secretary of the New
Mexico Department of Health, et al.,

    Defendants

## MEMORANDUM OPINION
## IN SUPPORT OF
## ORDER DENYING ATTORNEYS' FEES

      THIS MATTER is before the Court on Plaintiffs' motion for attorneys' fees [doc. #592]. This pleading is premised on the theory that since their lawsuit was the catalyst leading the Defendants undertaking remedial relief, they were entitled to attorneys' fees. The Court has reviewed all the briefs submitted as well as the recent Supreme Court opinion in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 121 S. Ct. 1835 (2001), and finds Plaintiffs' motion must be DENIED.

### *Discussion*

      Plaintiffs brought this action in 1993 seeking declaratory and injunctive relief from on-going violations by Defendants of Title II, Subtitle A of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34 ("ADA"); Section 504 of the Rehabilitation Act

of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396p ("Medicaid Act"); the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"); and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiffs had been determined to be abused and neglected children placed in state custody and suffering serious mental or developmental disabilities.

Plaintiffs alleged that Defendants, all agents or employees of the State of New Mexico, had denied them those services mandated by federal law. Plaintiffs also sought a class action certification. This Court denied class certification. Plaintiffs appealed and the Tenth Circuit Court of Appeals affirmed. *J.B. v. Valdez*, 186 F.3d 1280 (10th Cir. 1999).

Plaintiffs now seek attorneys' fees and costs on the ground, "defendants changed some of the legally deficient systems that had previously caused them to violate the federal rights of the named plaintiffs. ... In singling out the plaintiffs for specialized treatment, defendants provided to each of the plaintiffs most of the relief to which plaintiffs alleged they were entitled." (Memo. in Supp. Pls.' Mot. for Attys' Fees & Exp. at 10). Relying on this interpretation of the facts, Plaintiffs' counsel argues:

> The plaintiffs have partially prevailed in this action because their suit served as a catalyst, which induced the defendants to both undertake systemic reforms which resulted in the plaintiffs receiving services that are required by law which they were not receiving before the suit was filed and because the defendants took many extraordinary actions

2

> on behalf of the individual plaintiffs, remedying several violations of federal law.

Pls. Pre-Hearing Br. at 1.

A divided United States Supreme Court recently rejected the catalyst theory as a basis for attorneys' fees in *Buckhannon*. The Court there held that the term "prevailing party.–Also termed *successful party*."[1] applied only when a court order or consent decree changed the legal relationship between the parties. Speaking for the Court, Chief Justice Rehnquist summarized the holding as follows:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

121 S. Ct. at 1838.

The fact that the basis for Plaintiffs' attorneys' fees request was destroyed by *Buckhannon* is highlighted by the legal authority cited by the parties in briefing the issue. Plaintiffs repeatedly cited and relied on *Beard v. Teska*, 31 F.3d 942 (10th Cir. 1994).[2] Defendants relied on *S-1 and S-2 v. State Board of Education of North Carolina*,

---

[1] 121 S. Ct. at 1839 quoting BLACK'S LAW DICTIONARY 1145 (7th ed. 1999).

[2] *See, e.g.* Memo. in Supp. Pls.' Mot. for Attys' Fees & Exp. at 9, 10, and 12; Pls. Reply at 2.

**21 F.3d 49 (4th Cir. 1994).**[3]  **Plaintiffs in turn noted that in *S-1* the Fourth Circuit was at odds with nine other circuits and again cited *Beard*.**[4]  **In *Buckhannon*, the Supreme Court also recognized *S-1* was at odds with "most Courts of Appeals" citing *inter alia Beard v. Teska*.  The Supreme Court, however, chose the Fourth Circuit approach and thereby implicitly overruled contrary authority from other circuits.**

## O RDER

**Based on the language and holding of *Buckhannon*, this Court cannot award Plaintiffs' counsel attorneys' fees for any actions that were voluntarily undertaken by Defendants without a judicial mandate.  The motion for attorneys' fees is DENIED.**

**DATED at Albuquerque this 27th day of September, 2001.**

_____
**BRUCE D. BLACK**
**United States District Judge**

---

[3]  Defs.' Resp. to Pls.' Pre-Hearing Br. at 3-4.

[4]  Pls.' Reply at 2.

**Counsel for Plaintiffs:**

    Peter Cubra, Albuquerque, NM

**Counsel for Defendants:**

    John H. Clough, Assistant Attorney General, Albuquerque, NM